UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 21-114 (KM) |
| v. | |
| VICTOR OSORIO, | **MEMORANDUM & ORDER** |
| Defendant. | |

Defendant Victor Osorio pled guilty in February 2021 to an Information that charged him with one count of bankruptcy fraud, in violation of 18 U.S.C. § 152(1). The court varied downward substantially from the otherwise applicable Sentencing Guideline range of 24 to 30 months' imprisonment, and sentence him to a three-year term of probation. Mr. Osorio now moves, pursuant to 18 U.S.C. § 3583(e), for early termination of that term of probation. (DE 35) The government opposes the motion. (DE 36) For the reasons stated herein, the motion is denied.

## I.   MERITS OF THE MOTION

As relevant here, the statutory provision for early termination of supervision states as follows:

> (c) Early Termination.—
>
> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c). *See also* Fed. R. Crim. P. 32(c). I am also guided here by the case law governing early termination of supervised release under the substantially identical provisions of 18 U.S.C. § 3583(a)(1).

The court need not make detailed findings as to each of the relevant § 3553(a) factors, but must indicate that it has considered them. *See United States v. Melvin,* 978 F.3d 49, 52–53 (3d Cir. 2020).[1] "Extraordinary, new or

---

[1] For convenience, the relevant sections of § 3553(a) are quoted here:

**(a)  Factors To Be Considered in Imposing a Sentence.— . . .** The court, in determining the particular sentence to be imposed, shall consider—

**(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;

**(2)** the need for the sentence imposed— . . .

**(B)** to afford adequate deterrence to criminal conduct;

**(C)** to protect the public from further crimes of the defendant; and

**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; . . .

**(4)** the kinds of sentence and the sentencing range established for—

**(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

**(i)** issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

**(ii)** that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

**(B)** in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

**(5)** any pertinent policy statement—

**(A)** issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

**(B)** that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.[1]

**(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

unforeseen" circumstances, while of course relevant, are not a prerequisite to relief. *Id. Melvin* allowed, nevertheless, that "'[g]*enerally*, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Id.* at 53 (Citations and internal quotation marks omitted). That is so because, "if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release. But we disavow any suggestion that new or unforeseen circumstances *must* be shown." *Id.* (emphasis added).

I have considered all of the relevant factors. My denial of this motion rests primarily on the nature of the offense, and the need for a sentence that reflects the seriousness of the offense, promotes respect for the law, provides deterrence, and protects the public. I consider also that the court's original imposition of sentence was intended to, and did, serve the § 3553(a) factors and that the three-year term of probation was imposed, in lieu of imprisonment, based on the court's belief that this defendant, who had committed a calculated fraud, would benefit from supervision. That much has not changed since sentence was imposed.

The defendant obtained the discharge of unsecured claims in bankruptcy, amounting to approximately $269,532, by means of a fraud on the court. Under penalty of perjury, he concealed the pending bankruptcy of an affiliate, falsely denied or concealed ownership interests in other businesses, and failed to disclose a foreign bank account. The parties agreed as to the dollar loss, and the advisory Guideline range was 24 to 30 months' imprisonment. I was persuaded to grant a very substantial downward variance to a non-custodial sentence, believing that a term of supervision would be

---

**(7)** the need to provide restitution to any victims of the offense.

beneficial, and would also enable the defendant to start immediately to work making full restitution.

The defendant now seeks in effect to cut that sentence in half and be released from supervision some 17 months early. (The term of supervision is scheduled to expire August 9, 2024.) He still owes substantial restitution. He states, however, that early termination would advance his quest to obtain the necessary waiver to get a liquor license, which would enable him to earn more money and make restitution more quickly. He also points to an excellent record of compliance with supervision, continuous employment, and family ties. There are no aggravating factors in the nature of violence, substance abuse, or the like. In short, his counsel argues that he meets the presumptive, though non-mandatory criteria of the *Guide to Judiciary Policy,* § 380.10.

I nevertheless remain concerned. This particular offense represents a purposeful fraud on the bankruptcy court, and it counsels caution in relying on the defendant's representations. Restitution obligations have not been satisfied. In short, this defendant bears watching, both in terms of conduct and financial reporting.

The defendant avoided a well-deserved sentence of imprisonment, arguing that this term of probation was more appropriate. Unlike, say, a defendant on supervised release, he has not otherwise paid his debt to society. He sought and received that indulgence, but the tradeoff contemplated, then and now, was a substantial period of supervision. The Court is not prepared to go farther. The possibility of obtaining a waiver to obtain a liquor license, the profits that would follow, and the application of such profits to the restitution award, are speculative. In the meantime, the hardship of supervision is not great; the defendant is on Probation's low intensity caseload. That level of supervision requires little more than keeping tabs on the defendant's whereabouts and receiving periodic reports.

While not minimizing the good record that Mr. Osorio has compiled over the last 18 months, I nevertheless deny the motion for early termination on the merits.

## ORDER

Accordingly, for the reasons expressed above,

IT IS this 21st day of February, 2023,

ORDERED that the defendant's motions for early termination of supervised release (DE 105, 107), pursuant to 18 U.S.C. § 3583(e), are DENIED.

/s/ Kevin McNulty
_____
KEVIN MCNULTY
United States District Judge